# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Lewis Bosquez, | No. CV-13-01714-PHX-PGR (BSB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On August 20, 2013, Petitioner Jose Lewis Bosquez filed a Petitioner for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, raising three grounds for relief.  (Doc. 1.) After considering the briefing on the motion, the assigned magistrate judge recommended that the Petition be denied because Petitioner's claims were procedurally barred and he did not establish a basis to overcome the bar.  (Doc. 14 at 10.)

On March 10, 2015, the Court adopted the report and recommendation in part and dismissed Grounds Two and Three of the Petition.  (Doc. 18 at 3-4.)  The Court rejected the report and recommendation related to Ground One and referred the matter to the assigned magistrate judge for additional consideration of Ground One.  Specifically, the Court directed the magistrate judge to address (1) whether Petitioner had attempted to return to the state court for a determination of whether he was responsible for the untimely filing of a petition for review in the Arizona Court of Appeals, (2) whether it would be futile for Petitioner to return to state court to seek to exhaust the claims asserted in Ground One, and (3) whether, if Ground One is procedurally defaulted, Petitioner

1   could show cause and prejudice to overcome that bar.  (*Id*. at 3.)   To facilitate

2   consideration of Ground One, the magistrate judge directed the parties to file

3   supplemental briefing addressing the issues identified in the Court's March 10, 2015

4   Order and the merits of Petitioner's claim asserted in Ground One of his Petition.

5   (Doc. 19.)  The magistrate judge ordered Petitioner to file his supplemental brief by April

6   17, 2015, and stated that Respondents could file a response within thirty days of service

7   of Petitioner's supplemental brief.  (*Id.*)  Petitioner did not file a supplemental brief by

8   the April 17, 2015 deadline.  In an abundance of caution, on May 8, 2015, the magistrate

9   judge issued another order directing the parties to file supplemental briefing.  (Doc. 20.)

10  The magistrate judge directed Respondents to file a supplemental brief by June 8, 2015,

11  and stated that Petitioner could file a response within thirty days of service of the

12  supplemental brief.  (*Id.*)

13          On May 11, 2015, Respondents filed a supplemental brief in accordance with the

14  Court's orders.[1]  (Doc. 21.)  Petitioner did not file a response and the deadline has passed.

15  (*See* Doc. 20.)   After consideration of the supplemental briefing, the magistrate judge

16  finds that Petitioner's claim in Ground One is procedurally barred and, in the alternative,

17  lacks merit and, therefore, his habeas petition should be denied.

18  **I.      Procedural Background**

19          **A.      Charges, Guilty Plea, and Sentencing**

20          On June 23, 2010, Petitioner was indicted in Maricopa County Superior Court case

21  number CR2010-013094-001 on the following charges: (1) conspiracy to commit

22  aggravated robbery, a class three dangerous felony (Count One); (2) armed robbery, a

23  class two dangerous felony (Count Two); (3) kidnapping, a class two dangerous felony

---

25          [1]  Respondents state that their supplemental brief was in progress before the May
26  8, 2015 Order directing Respondents to file a supplemental brief.  (Doc. 21 at 2.)
    Respondents state that because Petitioner did not file a supplemental brief by the April
27  17, 2015 deadline, he waived any additional arguments to excuse his procedural default
    of Ground One or on the merits of Ground One.  (Doc. 21 at 2 n.1.)  The Court does not
28  need to resolve this argument because it extended the April 17, 2015 deadline.  However,
    Petitioner did not file a supplemental brief or a response to Respondents' supplemental
    brief.

(Count Three); (4) theft of a means of transportation, a class three dangerous felony (Count Four); (5) first degree murder, a class one dangerous felony (Count Five); (6) trafficking in stolen property in the second degree, a class three felony (Count Six); (7) two counts of hindering prosecution in the first degree, class three felonies (Counts Seven and Nine); and (8) tampering with physical evidence, a class six felony (Count Eight). (Doc. 11, Ex. A.)

The State later alleged that Petitioner committed the offenses while on release. (Doc. 11, Ex. D.) The State also alleged several aggravating circumstances, including the infliction or threated infliction of serious physical injury, the use or threatened use or possession of a deadly weapon or dangerous instrument (a gun), the presence of an accomplice, that the offenses were committed in an especially heinous, cruel or depraved manner, and that the offenses were committed as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. (Doc. 11, Ex. E.)

On February 28, 2012, Petitioner pleaded guilty to Counts One through Six of the indictment. (Doc. 11, Exs. F, G.) Before the sentencing hearing, Petitioner's counsel filed a mitigation report with the trial court. (Doc. 11, Ex. I.) During the sentencing hearing on May 25, 2012, the court heard aggravation and mitigation evidence before sentencing Petitioner to seven-and-one half years' imprisonment (presumptive) on Count One, ten-and-one-half-years' imprisonment (presumptive) on Count Two, ten-and-one-half years' imprisonment (presumptive) on Count Three, seven-and-one-half years' imprisonment (presumptive) on Count Four, natural life (aggravated) on Count Five, and three-and-one-half years' imprisonment on Count Six. (Doc. 11, Ex. J at 29, 31-32; Ex. K at 3-4.) The court ordered that Petitioner's sentences run concurrently. (Doc. 11, Ex. J at 32.)

### B.    Post-Conviction Proceedings

#### 1.    First Post-Conviction (Rule 32 of-right) Proceeding

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. *See* Ariz. Rev. Stat. § 13-4033(B). Petitioner, however, retained the right to seek

1   review in an "of-right" proceeding pursuant to Rule 32 of the Arizona Rules of Criminal

2   Procedure.  *See* Ariz. R. Crim. P. 32.1 and 32.4.  On June 28, 2012, Petitioner filed a

3   timely notice of post-conviction relief in the trial court pursuant to Rule 32.  (Doc. 11,

4   Ex. O.)  On July 12, 2012, the trial court appointed post-conviction counsel.  (Doc. 11,

5   Ex. P.)  On November 17, 2012, post-conviction counsel filed a petition for relief arguing

6   that Petitioner's sentence of natural life imprisonment violated *Miller v. Alabama*, ___

7   U.S. ___, 132 S. Ct. 2455 (2012), because the trial court failed to give him an

8   "individualized sentencing."  (Doc. 11, Ex. Q.)  On February 19, 2013, the court denied

9   post-conviction relief, concluding that the trial court had considered mitigating evidence

10  during sentencing and that Petitioner's claim was not "colorable."  (Doc. 11, Ex. U (order

11  dated February 14, 2013 and filed February 19, 2013).)

12              **2.      Second Post-Conviction Proceeding**

13          On March 4, 2013, Petitioner filed a second notice of post-conviction relief

14  alleging ineffective assistance of trial counsel.  (Doc. 11, Ex. V at 3.)  On March 18,

15  2013, the court dismissed the second notice of post-conviction relief because it was

16  untimely and did not raise a claim that could be raised in an untimely or successive Rule

17  32 petition.  (Doc. 11, Ex. W at 1-2 (citing Ariz. R. Crim. P. 32.1(d), (e), (f), (g),(h) and

18  Ariz. R. Crim. P. 32.4(a)).)

19              **3.      Appeal of Post-Conviction Proceedings**

20          Petitioner then filed a "Delayed Petition for Review" in the Arizona Court of

21  Appeals.  (Doc. 1 at 26-29; Doc. 21, Supp. Ex. AA.)  The notice of filing the petition for

22  review is dated April 26, 2013 in a hand written notation.  (Doc. 1 at 26; Doc. 21, Supp.

23  Ex. AA.)  However, the notice is file-stamped received by the court on May 10, 2013.

24  (Doc. 21, Supp. Ex. AA.)   In the delayed petition for review, Petitioner stated that he

25  sought review of the trial court's decision entered on "2/14/2013" and challenged his

26  sentence under *Miller.*  (Doc. 1 at 27-31; Doc. 21, Supp. Ex. AA.)  On May 20, 2013, the

27  appellate court dismissed the delayed petition for review as untimely.  The court stated

28  that:

> A review of the record in this matter indicates that the trial court dismissed the petition for post-conviction relief on *March 18, 2013*, and the petition for review was not filed until May 10, 2013. . . . Whether petitioner was without fault for the untimely filing is a question of fact.  The trial court may, "after being presented with proper evidence, allow a late filing" if it finds that petitioner was not responsible for the untimely filing.

(Doc. 1 at 30; Doc. 11 at X (emphasis added).)  In this order, the appellate court did not identify that Petitioner had filed two post-conviction proceedings.  Based on the appellate court's reference to the March 18, 2013 dismissal of the post-conviction proceeding, it appears that the appellate court considered the delayed petition for review to relate to Petitioner's second post-conviction proceeding that was dismissed on March 18, 2013.  (Doc. 11, Ex. W.)  The delayed petition for review, however, stated that Petitioner sought review of the trial court's February 14, 2013 decision, and it raised the same claim asserted in the first petition for post-conviction relief (a *Miller* claim), not the second petition for post-conviction relief (ineffective assistance of trial counsel).[2]   (Doc. 11, Ex. X; Doc. 11, Exs. Q, V.)

Nonetheless, even if Petitioner had intended for the delayed petition for review to be an appeal from the trial court's February 19, 2013 denial of his first petition for post-conviction relief, the delayed petition for review would have been untimely under Rule 32.9(c) (whether it was considered filed on the date it was signed, April 26, 2013, or the date it was filed, May 10, 2013) because it was filed more than thirty days after the court's February 19, 2013 decision.  *See* Ariz. R. Crim. P. 32.9(c) (providing that a petition for review must be filed within thirty days of the final decision of the trial court on the petition for post-conviction relief).

### C.  Petition for Writ of Habeas Corpus

On August 20, 2013, Petitioner filed a petition for writ of habeas corpus in this Court asserting several claims.  Ground One, the only remaining ground for relief, asserts that Petitioner's natural life sentence violates *Miller*.  (Doc. 1 at 6; Doc. 18.)  In their

---

[2]  The trial court's order denying review of the first petition for post-conviction relief is dated February 14, 2013 and filed February 19, 2013.  (Doc. 11, Ex. U.)

1   supplemental brief Respondents argue that habeas corpus review of this claim is

2   procedurally barred.   (Doc. 21.)   Despite the opportunity to do so (Docs. 19, 20),

3   Petitioner has not filed a supplemental brief to support his Petition, or responded to

4   Respondents' supplemental brief, and the deadlines to do so have passed.  (*Id.*)

5   ## II.    Exhaustion and Procedural Bar

6        Ordinarily, a federal court may not grant a petition for writ of habeas corpus

7   unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To

8   exhaust state remedies, a petitioner must afford the state courts the opportunity to rule

9   upon the merits of his federal claims by "fairly presenting" them to the state's "highest"

10  court in a procedurally appropriate manner.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

11  ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly

12  present' his claim in each appropriate state court . . . thereby alerting that court to the

13  federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

14       A claim has been fairly presented if the petitioner has described both the operative

15  facts and the federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at

16  33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must

17  read beyond a petition or brief . . . that does not alert it to the presence of a federal claim

18  in order to find material, such as a lower court opinion in the case, that does so."  *Id.* at

19  31-32.  Thus, "a petitioner fairly and fully presents a claim to the state court for purposes

20  of satisfying the exhaustion requirement if he presents the claim: (1) to the proper

21  forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and

22  legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)

23  (internal citations omitted).

24       The requirement that a petitioner exhaust available state court remedies promotes

25  comity by ensuring that the state courts have the first opportunity to address alleged

26  violations of a state prisoner's federal rights.  *See Duncan v. Walker*, 533 U.S. 167, 178

27  (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Principles of comity also

28  require federal courts to respect state procedural bars to review of a habeas petitioner's

claims.  *See Coleman*, 501 at 731 32.  Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims.  *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).  If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted.  *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds.  *See Beard v. Kindler*, 558 U.S. 53 (2009).  "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance."  *Coleman*, 501 U.S. at 731-32.  In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim.  *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed."  *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases."  *Coleman*, 501 U.S. at 732.  Although a

procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim.  *See id*. at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750.  Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

## III.     Procedural Bar Applied to Petitioner's Claim in Ground One

In Ground One, Petitioner argues that his natural life sentence violates *Miller*. (Doc. 1 at 6.)   Petitioner presented this claim in his first petition for post-conviction relief, his Rule 32 of-right proceeding.  (Doc. 11, Ex. Q at 2-4.)  On February 19, 2013, the court denied post-conviction relief.  (Doc. 11, Ex. U (order dated February 14, 2013 and filed February 19, 2013).)  Petitioner did not immediately appeal the denial of his first-petition for post-conviction relief.  Rather, on March 4, 2013, Petitioner filed a second notice of post-conviction relief alleging ineffective assistance of trial counsel, but not raising a *Miller* claim.  (Doc. 11, Ex. V at 3.)  On March 18, 2013, the court dismissed the second notice of post-conviction relief as untimely.  (Doc. 11, Ex. W at 1-2.)

Petitioner then filed a "Delayed Petition for Review" in the Arizona Court of Appeals.  (Doc. 1 at 26-29; Doc. 21, Supp. Ex. AA.)  The delayed petition for review states that Petitioner seeks review of the trial court's decision entered on "2/14/2013" and

raises a claim under *Miller.*  (Doc. 1 at 27-31; Doc. 21, Supp. Ex. AA.)  Thus, it appears that Petitioner may have intended to appeal the trial court's February 2013 denial of his first petition for post-conviction relief, which also raised a *Miller* claim.   (Doc. 11, Exs. Q, U.)   On May 20, 2013, the appellate court dismissed the delayed petition for review as untimely.  (Doc. 1 at 30; Doc. 11 at X.)   As previously noted, the appellate court's order denying the delayed petition referred to the March 18, 2013 dismissal of the second post-conviction proceeding, and thus it appears that the appellate court considered the delayed petition for review to relate to Petitioner's second post-conviction proceeding.  (Doc. 11, Ex. W.)

Nonetheless, whether Petitioner was attempting to appeal the denial of his first or second petition for post-conviction relief, the delayed petition for review asserted the *Miller* claim that Petitioner presents in Ground One of the pending Petition.   The appellate court found review of that claim precluded because the petition for review was untimely filed.  (Doc. 11, Ex. X.)   As noted in Section I.B.3, regardless of whether the delayed petition for review sought review of the first or second post-conviction proceeding, it was untimely under Rule 32.9(c) because it was filed more than thirty days after the court's February 19, 2013 and March 18, 2013 decisions.  *See* Ariz. R. Crim. P. 32.9 (providing that a petition for review must be filed within thirty days of the final decision of the trial court on the petition for post-conviction relief).

In the May 20, 2013 order, the appellate court stated that whether "petitioner was without fault for the untimely filing [of his petition for review] is a question of fact." (Doc. 11, Ex. X.)   The court further stated that "[t]he trial court may 'after being presented with proper evidence, allow a late filing' if it finds that petitioner was not responsible for the untimely filing."  (*Id.*) (citing *State v. Pope*, 635 P.2d 846, 848 (Ariz. 1981.)

In their Supplemental Brief, Respondents state that there is nothing in the state trial court record or docket indicating that Petitioner returned to the state trial court to determine the responsibility for his untimely petition for review.   (Doc. 21, Supp.

Ex. BB.)  Respondents filed a copy of the docket sheet in Petitioner's criminal case.  (*Id.*)
The Court has reviewed the docket sheet and agrees that it does not reflect that Petitioner
returned to the state trial court for further proceedings after the appellate court's May 20,
2013 order.  (*Id.*)  There is no indication that Petitioner sought a determination in the state
court of whether he was without fault for the untimely petition for review under Rule
32.1(f).[3]  On July 10, 2013, the court of appeals sent the trial court a certified copy of the
order dismissing the appeal.  (Doc. 21, Supp. Exs. CC, DD.)

Thus, the Arizona Court of Appeals court found that Petitioner's failure to comply
with Rule 32.9(c)'s deadlines for filing a petition for review from the denial of post-
conviction relief precluded consideration of his *Miller* claim, the same claim asserted in
Ground One of the pending Petition.  (Doc. 11, Ex. X; Doc. 1 at 6.)  Petitioner did not
seek further review of that decision.  Additionally, there is no evidence that Petitioner
returned to the state trial court to determine whether he was without fault for the untimely
filing of his petition for review.  Accordingly, federal habeas corpus review of Ground
One is barred because Rule 32.9(c) is an independent and adequate state law ground.  *See*
*Simmons v. Schriro*, 187 Fed. App'x 753, 754 (9th Cir. 2006) (holding that Arizona's
procedural rules, including its timeliness rules, are "clear" and "well-established");
*Miloni v. Schriro*, 2006 WL 1652578, *5 (D. Ariz. Jun. 7, 2006) (concluding that a
procedural ruling based on Rule 32.9(c) is adequate).

Moreover, it would be futile for Petitioner to return to the state court to try to
properly exhaust Ground One because a successive petition for post-conviction relief
would be untimely, and this claim would be precluded from Rule 32 review because it
could have been raised in Petitioner's prior post-conviction proceeding.  *See* Ariz. R.
Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146 P.3d 63, 67 (2006) ("As a
general rule, when [claims] are raised, or could have been raised, in a Rule 32 post-
conviction proceeding, subsequent claims [] will be deemed waived and precluded.")

---

[3]  Rules 32.2(b), 32.4(b), and 32.1(f) allow for an exception to the timeliness and
preclusion rules if a petitioner shows that his failure to file a timely notice of appeal was
without fault on his part.

(internal quotation omitted).  Additionally, Petitioner's claim does not implicate the exceptions to the timeliness or preclusion rules referred to in Rule 32.4(a) and Rule 32.2(b), which include being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence.  *See* Ariz. R. Crim. P. 32.1(d), (e), (g) and (h).

Although, as the Court noted in the March 10, 2015 Order (Doc. 18), Petitioner could attempt to qualify for Rule 32.1(f)'s exception to the timeliness and preclusion rules by showing that the failure to file a timely petition for review in the Arizona Court of Appeals was without fault on his part, there is no evidence that Petitioner returned to state court to try to make such a showing.  Additionally, even if Petitioner could still return to state court to try to make this showing, Petitioner has not presented any evidence showing that the failure to file a notice of appeal within the prescribed time was without fault on his part.  *See* Ariz. R. Crim. P.  32.1(f).  Accordingly, Ground One is procedurally defaulted and barred from federal habeas corpus review unless Petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749.  For the reasons below, Petitioner has not established a basis to overcome the procedural bar.

### A.    Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  The standard for establishing a *Schlup* procedural gateway claim is "demanding."  *House v. Bell*, 547 U.S. 518, 538 (2006).  The petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial."  *Schlup*, 513 U.S. at 316.  Under *Schlup*, to overcome the procedural hurdle created by failing to properly present his claims to the state courts, a petitioner "must demonstrate that the

1    constitutional violations he alleges "ha[ve] probably resulted in the conviction of one

2    who is actually innocent," such that a federal court's refusal to hear the defaulted claims

3    would be a 'miscarriage of justice.'" *House*, 547 U.S. at 555-56 (quoting *Schlup*, 513 at

4    326, 327)).   To meet this standard, a petition must present "new reliable evidence —

5    whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

6    physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.   The

7    petitioner has the burden of demonstrating that "it is more likely than not that no

8    reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

9        "[A] convincing showing of actual innocence [as applied in *Schulp*] enable[s]

10   habeas petitioner's to overcome a procedural bar to consideration of the merits of their

11   constitutional claims." *McQuiggin v. Perkins*, ___ U.S.___, 133 S. Ct. 1924, 1928 (2013)

12   (holding "that actual innocence, if proved serves as a gateway through which a petitioner

13   may pass whether the impediment is procedural bar, as it was in *Schlup* . . . , or expiration

14   of the statute of limitations.").   However, even if a petitioner can satisfy the *Schlup*

15   gateway, this "does not by itself provide a basis for [habeas] relief." *Schlup*, 513 U.S. at

16   315.   Instead, the gateway merely enables the petitioner "to have [an] otherwise barred

17   constitutional claim considered on the merits." *Id.* (internal quotations omitted).

18       Petitioner does not rely on *Schlup* to overcome the procedural bar to review of his

19   claim asserted in Ground One.   (Doc. 1.)   In Ground One, Petitioner asserts that his

20   natural life sentence violates *Miller*.   (Doc. 1 at 6.)   This claim does not satisfy the

21   fundamental miscarriage of justice exception.   *See Johnson v. Knowles*, 541 F.3d 933,

22   937 (9th Cir. 2008) (concluding "that the miscarriage of justice exception is limited to

23   those extraordinary cases where the petitioner asserts his innocence and establishes that

24   the court cannot have confidence in the contrary finding of guilt."); *Vernes v. Acton*, 2008

25   WL 4104161, at *4 (D. Mont. Sept. 3, 2008) (stating that "[b]y definition, genuine

26   remorse and sentencing disparity cannot amount to a "fundamental miscarriage of

27   justice" within the meaning of *Schlup*."); *Hughes v. Schriro*, 2007 WL 163074, at *6

28   (D. Ariz. Jan. 18, 2007) (noting that the petitioner did not assert that he was actually

innocent, and finding that the fundamental miscarriage of justice exception did not apply to the petitioner's claims that his sentence might have been mitigated if the court had known he was ill). Thus, Petitioner has not met *Schlup's* high standard and this exception does not excuse the procedural bar to federal habeas corpus review of Ground One.

### B.   Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice." *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray*, 477 U.S. at 488.

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

### 1.   Lack of Legal Knowledge and Resources

As noted in the Report and Recommendation (Doc. 14), liberally construing the Petition, Petitioner argues his lack of education and lack of legal knowledge to establish cause and prejudice. (Doc. 1 at 8.) However, Petitioner's status as an inmate, lack of legal knowledge and assistance, and limited legal resources do not establish cause to excuse the procedural bar. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909

(9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause).

Petitioner does not assert any other basis to establish cause for his procedural default. Although the Arizona Court of Appeals' May 20, 2013 order suggested that Petitioner could attempt to show that his failure to file a timely petition for review was not his fault, Petitioner does not present any evidence to make that showing.

### 2.      Ineffective Assistance of Post-Conviction Counsel

Petitioner does not assert the ineffective assistance of post-conviction counsel as cause for his procedural default. Additionally, as Respondents note in their Supplemental Brief (Doc. 21 at 5), Petitioner cannot rely on the Supreme Court's recent decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012), to argue that the ineffective assistance of post-conviction counsel (in his second post-conviction proceeding) for failing to file timely a notice of appeal constitutes cause for the procedural default of Ground One.

The ineffective assistance of counsel may constitute cause for failing to properly exhaust claims in state court and excuse procedural default. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). However, ordinarily, to meet the "cause" requirement, the ineffective assistance of counsel must amount to an independent constitutional violation. *Id.* Accordingly, when no constitutional right to an attorney exists (such as in a post-conviction proceeding), ineffective assistance will not amount to cause excusing the state procedural default. *Id.* The Supreme Court has held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted). Thus, in *Coleman,* the Court held that the ineffectiveness of post-conviction counsel also could not establish cause to excuse a failure to properly exhaust state remedies and procedural default on a claim. *Id.*

However, in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012), the Supreme Court established a limited exception to this general rule. The Court held that the ineffective assistance of post-conviction counsel "at initial-review collateral review proceedings" — while not stating a constitutional claim itself — may establish cause to excuse procedural default of claims of ineffective assistance of trial counsel when a post-conviction proceeding represents the first opportunity under state law for a petitioner to litigate such claims. *Id.* at 1315. In *Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013), the Ninth Circuit held that the *Martinez* standard for cause applies to all Sixth Amendment ineffective-assistance claims that have been procedurally defaulted by ineffective counsel in the initial-review state-court collateral proceeding. (*Id.*)

Because the *Martinez* cause standard applies only to defaulted ineffective assistance of counsel claims, it does not apply to Petitioner's *Miller* claim raised in Ground One. Accordingly, Petitioner cannot rely on *Martinez* and he has not shown cause for his failure to properly present his *Miller* claim to the state courts. Therefore, the Court does not consider whether Petitioner can establish prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (stating that the court does not need to consider prejudice when the petitioner does not demonstrate cause).

### 3.      Ineffective Assistance of Rule 32 of-Right Counsel

The Court could assume that if Petitioner had filed a supplemental brief, he may have argued that counsel in his first post-conviction proceeding, a Rule 32 of-right proceeding, was ineffective for failing to file a timely notice of appeal. Petitioner's first post-conviction proceeding was a Rule 32 of-right proceeding, which the Ninth Circuit has recognized as a "form of direct review." *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007) (concluding "that Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."). Accordingly, Petitioner had the right to the effective assistance of counsel in his Rule 32 of-right proceeding. *See Ramon v. Ryan*, 2010 WL 3564819, at *11 (D. Ariz. Jul. 23, 2010) (a defendant has a right to the effective assistance of counsel

1    in a Rule-32 of right proceeding in Arizona) (citing *Evitts v. Lucey*, 469 U.S. 387, 396

2    (1985)).

3        However, a claim of ineffective assistance of counsel to establish "cause" in this

4    context is itself subject to the exhaustion requirements.   *Murray*, 477 U.S. at 492;

5    *Edwards v. Carpenter*, 529 U.S. 446 (2000).   In other words, before an allegation of

6    ineffective assistance of counsel may be used to establish cause for a procedural default,

7    it must have been presented to the state court as an independent claim.   *Edwards*, 529

8    U.S. at 451-53.  Here, Petitioner never exhausted a claim of ineffective assistance of Rule

9    32 of-right counsel because he never presented that issue to the state courts.

10   Consequently, even if Petitioner had asserted this argument, he cannot rely on the alleged

11   ineffective assistance of Rule 32 of-right counsel to establish cause for the default of

12   Ground One.

13        For these reasons, Petitioner has not established a basis to overcome the

14   procedural bar to federal habeas corpus review of Ground One.   However, in an

15   abundance of caution, Section IV, below, addresses the merits of Petitioner's claim in

16   Ground One.   *See* 28 U.S.C. § 2254(b)(2) (stating that "[a]n application for a writ of

17   habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to

18   exhaust the remedies available in the courts of the State.").   This review establishes that

19   Ground One lacks merit and should be dismissed.

20   **IV.    Review of Petitioner's Claim in Ground One**

21        **A.    Federal Review of Claims Adjudicated on the Merits in State Court**

22        If a habeas petition includes a claim that was "adjudicated on the merits in State

23   court proceedings," federal court review of that claim is limited by § 2254(d).   Under

24   § 2254(d)(1), a federal court cannot grant habeas corpus relief unless the petitioner

25   shows: (1) that the state court's decision "was contrary to" federal law as clearly

26   established in the holdings of the United States Supreme Court at the time of the state

27   court decision, *Greene v. Fisher*, __ U.S.__, 132 S. Ct. 38, 43 (2011); or (2) that it

28   "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was

based on an unreasonable determination of the facts" based on the record before the state court.  28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).  This standard is "difficult to meet."  *Richter*, 562 U.S. at 102.  It is also a "highly deferential standard for evaluating state court rulings, which demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal quotation marks omitted).  When evaluating state court decisions on habeas review, federal courts look through summary or unexplained higher state court opinions to the last reasoned decision on the claim.  *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision.  *Greene*, 132 S. Ct. at 44.  A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent."  *Mitchell v. Esparza*, 540 U.S 12, 14 (2003) (citations omitted).

A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'"  *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determination."  *Richter*, 562 U.S. at 101.

Federal courts may also grant habeas corpus relief when the state-court decision "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."   28 U.S.C. § 2254(d)(2).   "Or, to put it conversely, a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."   *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *abrogated on other grounds*, *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014); *see Pollard v. Galaza*, 290 F.3d 1030, 1033, 1035 (9th Cir. 2002) (the statutory presumption of correctness applies to findings by both trial courts and appellate courts).   Additionally, a state court's findings of fact are presumed to be correct.   28 U.S.C. § 2254(e)(1).   A petitioner may rebut this presumption with "clear and convincing evidence."   *Id.*

When a state court decision is deemed to be contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts, a petitioner is not entitled to habeas corpus relief unless the erroneous state court ruling also resulted in actual prejudice as defined in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).   *See Benn v. Lambert*, 283 F.3d 1040, 1052 n.6 (9th Cir. 2002). "Actual prejudice" means that the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict."   *Brecht,* 507 U.S. at 631. "The *Brecht* harmless error analysis also applies to habeas review of an error with respect to sentencing, in other words the test is whether such error had a 'substantial and injurious effect' on the sentence."   *Hernandez v. LaMarque*, 2006 WL 2411441, at *3 (N.D. Cal., Aug.18, 2006) (citing *Calderon v. Coleman*, 525 U.S. 141, 145-57 (1998) (finding sentencing error harmless because even if the evidence of three prior convictions was insufficient, petitioner was not prejudiced by the court's consideration of those convictions because it found four other prior convictions that would have supported the petitioner's sentence)).   The Court will consider Plaintiff's claim in Ground One under this standard.

1

**B.      Petitioner is not Entitled to Habeas Corpus Relief**

2      In Ground One, Petitioner asserts that his natural life sentence violates the

3  Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012),

4  because he was denied an "individualized sentencing."[4]   (Doc. 1 at 6.)   In *Miller*, the

5  Court held that "mandatory life without parole for those under the age of 18 at the time of

6  their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual

7  punishments.'" *Miller*, 132 S. Ct. at 2460.

8      Petitioner presented this sentencing claim to the trial court in his first petition for

9  post-conviction relief.  (Doc. 11, Ex. Q.)  The court rejected this claim because it found

10  that the trial court "did consider [Petitioner's] age, lack of maturity, and all of the other

11  mitigation proffered by the [Petitioner] when it imposed the natural life sentence.

12  Therefore, the Court finds that the [Petitioner] fails to set forth a colorable claim."

13  (Doc. 11, Ex. U.)  Petitioner has not shown that the state court's decision is based on an

14  unreasonable determination of the facts, or that it is contrary to or based on an

15  unreasonable application of *Miller*.   *See* 28 U.S.C. § 2254(d).   Accordingly, he is not

16  entitled to habeas corpus relief.

17      In *Miller*, the Supreme Court held that the "Eighth Amendment forbids a

18  sentencing scheme that mandates life in prison without the possibility of parole for

19  juvenile offenders."   132 S. Ct. at 2469.   The Court explained that "[m]andatory life

20  without [the possibility of] parole for a juvenile precludes consideration" of the

21  defendant's "chronological age and its hallmark features," the defendant's "family and

22  home environment," the "circumstances of the [underlying] homicide offense," the fact

23  that the offender "might have been charged and convicted of a lesser offense if not for

24  incompetencies associated with youth," and "the possibility of rehabilitation."  *Id.* at

25

26      [4]   Respondents state that *Miller* applies to this case.  (Doc. 21 at 6 n.4.)   The
Supreme Court issued *Miller* on June 25, 2012, one month after Petitioner's sentencing

27  hearing.  However, because Petitioner's convictions and sentences were not yet final on
direct review, *Miller* applies to his proceedings, regardless of whether *Miller* should be

28  retroactively applied.  *See Teague v. Lane*, 489 U.S. 288 (1989) (new constitutional rules
of criminal procedure will not be applicable to those cases that have become final before
new rules are announced, unless they fall within exception to general rule).

2468.  The Court stated that the Eighth Amendment requires that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest penalty possible for juveniles." *Id.* at 2475.

As the state court found, Petitioner is not entitled to relief under *Miller* because the trial court considered Petitioner's youth and other mitigating circumstances before imposing a sentence of life without parole.  During the sentencing hearing, the court heard argument from defense counsel about mitigating circumstances, including support of friends and family, a dysfunctional childhood, prenatal exposure to drugs, childhood homelessness, mental health issues, the use of illegal drugs, his age at the time of the offense (seventeen), and evidence that he was functioning at a lower level than his chronological age.  (Doc. 11, Ex. J at 25-28.)  The trial court also heard from Petitioner who apologized for his actions and said that he believed he could change.  (*Id.* at 28.)  The trial court acknowledged that it considered all of the aggravation and mitigation evidence.  (*Id.* at 32.)  The trial court then sentenced Petitioner to a term of natural life imprisonment on Count Five, the first-degree murder conviction.  (*Id.*)  The court explained its reasoning for the sentence, stating:

> I am mindful when I impose a sentence, I'm instructed by law to consider a couple of things.  I'm to look at the nature and circumstances of the offense, the character and background of the accused.  When I look at the nature and circumstances of this offense, I'm morally offended.  I can imagine no greater horror in life than to be locked in a trunk for a long period of time, to die from the elements.
>
> When I look at your character and background, you shouldn't have had the experience growing up that you've had.  It was clearly mitigated.  But now I look at you today and I look at what you've done since you've become an adult.  I think, is this man damaged goods?  Is this man somebody who's going to continue to terrorize society like you did in this case?  Those are the questions I have to answer imposing this sentence.
>
> * * *
>
> Regarding Count 5.  After reviewing all of the materials, everything in aggravating and mitigation, it is the determination of this Court you should never be released.  Thereby, I impose a term of natural life.  No credit for time served.

(*Id.* at 28-29, 32.)   The record reflects that the trial court considered Petitioner's "chronological age and its hallmark features," and other mitigating circumstances before imposing a natural life sentence. (*Id.*); *see Miller*, 132 S. Ct. at 2468.  Thus, Petitioner's natural life sentence did not violate the Supreme Court's pronouncement in *Miller.  See Bell v. Uribe*, 748 F.3d 857, 869 (9th Cir. 2014) (assuming, without deciding, that a habeas corpus petitioner's *Miller* claim was not defaulted and that *Miller* applied retroactively and concluding that because the sentencing judge considered mitigating and aggravating factors "under a [California] sentencing scheme that affords discretion and leniency, there is no violation of *Miller*."); *Ramos v. Wipson*, 2014 WL 3130036, at *14-15 (C.D. Cal. June 4, 2014) (relying on *Bell* to support a conclusion that because the trial court considered argument on whether it should impose a life sentence or a twenty-five-years-to-life sentence and exercised its direction and made its sentencing decision after considering those arguments, no *Miller* violation occurred and, under the AEDPA, the court must defer to the trial court's determination of petitioner's sentencing claim).

Accordingly, Petitioner cannot show that the state court's rejection of his *Miller* claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).  Therefore, Petitioner is not entitled to habeas corpus relief on this claim.

**V.    Conclusion**

As set forth above, federal habeas corpus review of Ground One is procedurally barred and Petitioner has not established a basis to overcome that bar.  Alternatively, Petitioner's claim asserted in Ground One lacks merit and, therefore, Petitioner cannot show that the state court's rejection of that claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to habeas corpus relief.

Accordingly,

**IT IS RECOMMENDED** that the Court deny habeas corpus relief and dismiss Ground One.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 5th day of August, 2015.

_____
Bridget S. Bade
United States Magistrate Judge